___

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 15-1924-JLS (SPx)                                                   Date:  January 7, 2016
Title:  Alejandro Garcia v. Lifetime Brands, Inc. et al.

___

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:
           Not Present                                                                 Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S
                                   MOTION TO REMAND (Doc. 13)**

   Before the Court is a Motion to Remand filed by Plaintiff Alejandro Garcia. (Mot., Doc. 13.)  Defendant Lifetime Brands, Inc. opposed, and Plaintiff replied.  (Opp., Doc. 19; Reply, Doc. 22.)  Having considered the parties' briefs and having taken the matter under submission, the Court GRANTS Plaintiff's Motion.

## I. BACKGROUND

   The Complaint alleges the following:[1] Defendant Lifetime Brands, Inc. employed Plaintiff Alejandro Garcia as an hourly-paid, non-exempt employee from approximately September 2011 to August 2012 in San Bernardino, California.  (Compl. ¶ 18, Doc. 1-1.) Garcia alleges that Lifetime Brands "engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees[.]"  (*Id*. ¶ 25.)  This

___

[1] For the purposes of this Motion, the Court considers the operative complaint when Lifetime Brands removed the instant action to this Court.  Generally, "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments."  *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1213 (9th Cir. 1998). *See also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (to determine whether the defendant satisfies the preponderance of the evidence test for jurisdiction, the court may consider "facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy *at the time of removal*.'" (quoting *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003)) (emphasis added)).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. EDCV 15-1924-JLS (SPx) | Date: January 7, 2016 |
| Title: Alejandro Garcia v. Lifetime Brands, Inc. et al. | |

"scheme involved, *inter alia*, failing to pay [employees] for all hours worked, [as well as] missed meal periods and rest breaks in violation of California law." (*Id*.)

On July 24, 2015, on behalf of himself and other similarly situated employees, Garcia filed a complaint against Lifetime Brands in San Bernardino Superior Court. (*See* Compl.) Garcia alleges claims for (1) failing to pay overtime wages, Cal. Lab. Code §§ 510, 1198; (2) failing to provide meal breaks, Cal. Lab. Code §§ 226.7, 512(a); (3) failing to provide rest breaks, Cal. Lab. Code § 226.7; (4) failing to pay minimum wages, Cal. Lab. Code §§ 1194, 1197, 1197.1; (5) waiting time penalties, Cal. Lab. Code §§ 201, 202, 203; (6) failing to pay timely wages during employment, Cal. Lab. Code § 204; (7) providing non-compliant wage statements, Cal. Lab. Code § 226(a); (8) failing to retain accurate and complete payroll records, Cal. Lab. Code § 1174(d); (9) failing to reimburse business expenses, Cal. Lab. Code §§ 2800, 2802; and (10) unfair competition, Cal. Bus. & Prof. Code § 17200, *et seq*. (*See id*. ¶¶ 47-116.) On September 18, 2015, Lifetime Brands removed the action to this Court. (*See* Notice of Removal, Doc. 1.)

Garcia now moves to remand the case to San Bernardino Superior Court.

## II. LEGAL STANDARD

The Class Action Fairness Act vests federal courts with original diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, (2) the proposed class consists of at least 100 class members, (3) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief, and (4) any class member is a citizen of a state different from any defendant. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007); 28 U.S.C. § 1332(d)(1-5). "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Under CAFA, the burden of establishing removal jurisdiction rests with the party seeking removal. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015). Although "a defendant's notice of removal need include only a plausible allegation that

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 15-1924-JLS (SPx)                                Date:  January 7, 2016

Title:  Alejandro Garcia v. Lifetime Brands, Inc. et al.

___

the amount in controversy exceeds the jurisdictional threshold[,]" a defendant must provide "[e]vidence establishing the amount [in controversy] . . . when the plaintiff contests, or the court questions, the defendant's allegation."  *Dart*, 135 S. Ct. at 554. "Under this [latter] burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see Gugliemino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (recognizing that the Ninth Circuit has applied the preponderance holding in *Sanchez* to CAFA cases).

A defendant's preponderance burden "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal citation and quotation marks omitted). However, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions."  *Ibarra*, 775 F.3d at 1197.  "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure."  *Id*. at 1198.  "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Id*. at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997)).

### III.   DISCUSSION

In his Motion, Garcia argues that remand is proper because Lifetime (1) "provides no competent support" to evidence minimal diversity between the parties, the number of putative class members, their average number of workweeks, and their average hourly rate of pay, and (2) makes unsupported calculations to arrive at the required amount in controversy.  (Mem. at 4-17, Doc. 13.)  The Court first addresses Garcia's arguments as to the amount in controversy.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 15-1924-JLS (SPx)                              Date:  January 7, 2016
Title:  Alejandro Garcia v. Lifetime Brands, Inc. et al.

### A. Amount in Controversy

Because Garcia challenges Lifetime's allegations as to the amount in controversy, Lifetime must establish by a preponderance of the evidence that the amount exceeds $5,000,000. *See Ibarra*, 775 F.3d at 1197. Notably, the sum of Lifetime's calculations is $5,190,197—only marginally above the jurisdictional minimum. (*See* Notice of Removal ¶ 80.) Garcia argues that Lifetime provides unsupported calculations at to certain claims, (Mem. at 8-17), and Lifetime counters that Garcia was required but failed to provide any evidence supporting remand on this issue, (Opp. at 9). The Court addresses each argument in turn.

#### 1. Lifetime's Calculations

In his Motion to Remand, Garcia argues that Lifetime provides unsupported calculations as to Garcia's claims for unpaid overtime, meal and rest break premiums, waiting time penalties, wage statement penalties, and attorneys' fees to meet the amount in controversy requirement. (Mem. at 8-17.) The Court addresses each calculation in turn.

Garcia argues that Lifetime's calculations unreasonably rely on overstated violation rates. (Mem. at 8-10.) To meet the amount in controversy, Lifetime assumes that class members worked one hour of unpaid overtime each day throughout the entirety of the putative class period, and it bases its calculation on the average number of hourly-paid employees it had over the relevant four-year period. (Notice of Removal ¶¶ 37-38.) Lifetime thereby asserts that Garcia's claim for unpaid overtime places at least $1,579,180 in dispute. (*Id.*) Lifetime argues that a violation rate that ascribes unpaid overtime for each day of work as to each employee is reasonable given the Complaint's allegations, which assert that "Plaintiff and the other class members worked over eight [] hours in a day, and/or forty [] hours in a week during their employment with Defendants," "Defendants intentionally and willfully failed to pay overtime wages owed," and Lifetime employed a "uniform policy and systematic scheme of wage abuse." (Compl. ¶¶ 24, 25, 37, 52, 53.) The Complaint also alleges that Lifetime:

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  EDCV 15-1924-JLS (SPx) | Date:  January 7, 2016 |
| Title:  Alejandro Garcia v. Lifetime Brands, Inc. et al. | |

> [I]ntentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods . . . At all material times set forth herein, Defendants failed to provide the requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

(*Id*. ¶¶ 38, 63.)  Lifetime argues that because class members are alleged to work over eight-hour days, (*id*. ¶ 24), any action forcing them to work through a meal period or rest period also entitles them to full overtime wages.  (Opp. at 11.)

As to Garcia's claims for meal and rest breaks, Lifetime argues for a 100% violation rate, asserting that these claims place at least $2,105,574 in dispute.  (Notice of Removal ¶¶ 45, 52.)  In short, Lifetime assumes that class members were denied one meal period and one rest period each day during the relevant four-year period.  (*See* Notice of Removal ¶¶ 45, 52.)  As with overtime wages, Lifetime bases its 100% violation rate on allegations that Lifetime employed a "uniform policy and systemic scheme of wage abuse," and that it denied meal and rest periods "at all material times." (Compl. ¶¶ 25, 38.)

The Court finds that the Complaint fails to support Lifetime's calculations.  In *Ibarra*, the defendant attempted to meet the $5 million jurisdictional minimum by relying on a 100% violation rate.  775 F.3d at 1198.  This rate was based on allegations that the defendant had a "pattern and practice of failing to pay" overtime wages and "maintain[ed] an institutionalized unwritten policy that mandates [] unlawful practices." *Id*.  Upon reviewing these allegations, the Ninth Circuit held that the defendant's assumptions were unreasonable, explaining that a "'pattern and practice' of doing something does not necessarily mean always doing something."  *Id*. at 1198-99.  Thus, although the complaint alleged a "pattern and practice" and an "institutionalized unwritten policy mandating" labor law violations, the complaint did *not* allege that the defendant "universally, on each and every shift, violates labor laws" or that "such violations occurred in each and every shift."  *Id*. at 1199.  As a result, the court found that

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 15-1924-JLS (SPx)                        Date:  January 7, 2016
Title:  Alejandro Garcia v. Lifetime Brands, Inc. et al.

the defendant's assumptions of a 100% violation rate were "pulled from thin air" and "w[ere] not grounded in real evidence." *Id*.

      Lifetime bears the burden to demonstrate that its estimated amount in controversy relies on reasonable assumptions, and it fails to meet this burden.  As in *Ibarra*, Lifetime attempts to base a violation rate on general allegations that class members "worked over eight [] hours in a day, and/or forty [] hours in a week," Lifetime employed a "uniform policy and systematic scheme of wage abuse," and Lifetime failed to pay for overtime wages that accrued "at all material times."  (Compl. ¶¶ 24, 25, 37, 52, 53.)  Likewise, Lifetime provides no reasonable basis for assuming that on *each* day throughout the class period, each putative class member was denied one meal period *and* one rest period.  Accordingly, Lifetime's 100% violation rate is unacceptably based on speculation.

      Following *Ibarra*, there has been some inconsistency in how district courts address such general allegations.  *Compare Townsend v. Brinderson Corp.*, CV 14-5320 FMO RZX, 2015 WL 3970172, at *5-6 (C.D. Cal. June 30, 2015) (plaintiff's general allegations of a defendant's unlawful "policy or practice" fail to support a 100% violation rate) *with Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCX, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (plaintiff's general allegations of a "uniform policies, practices and procedures" support a 100% violation rate).  However, the allegations at issue here—that the defendant employs a "uniform policy and systematic scheme of wage abuse," and that violations occur "at all material times"—are notably similar in form and substance to the allegations at issue in *Ibarra*.  "The difference in language between the complaint in *Ibarra* and the [Complaint], *e.g*., 'pattern and practice' as opposed to 'uniform,' is not a material one for purposes of the standard for determining jurisdiction."  *Hubbs v. Big Lots Stores, Inc.*, No. LA CV15-01601 JAK, 2015 WL 3644002, at *6 (C.D. Cal. June 9, 2015).  Here, as in *Ibarra*, nothing in the instant Complaint "allege[s] that [Lifetime] universally, *on each and every* [day]," violated labor laws in regards to overtime wages.  *Ibarra*, 775 F.3d at 1198-99.  Thus, Lifetime's calculation "admittedly rests on the speculative assumption that every class member was denied" an hour's worth of overtime pay and compensation for a missed meal break and miss rest period each day.  *See Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1119-20 (C.D. Cal. 2010).  Other district courts have come to similar conclusions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 15-1924-JLS (SPx)                                      Date:  January 7, 2016
Title:  Alejandro Garcia v. Lifetime Brands, Inc. et al.

following *Ibarra*.  *See Rosales v. Staples Contract & Commercial, Inc.*, No. EDCV 15949 JFW DTBx, 2015 WL 4537577, at *3 (C.D. Cal. July 27, 2015) (rejecting application of a 100% violation rate where unsupported by the complaint or the record); *Townsend*, 2015 WL 3970172, at *5-6 (same); *Hubbs*, 2015 WL 3644002, at *6-7 (same).  Accordingly, Lifetime's 100% violation rate is unreasonably and unacceptably based on conjecture.

Here, Lifetime's calculated amount in controversy is $5,190,197—only marginally above the jurisdictional minimum.  (*See* Notice of Removal ¶ 80.)  To meet the amount in controversy required under CAFA, Lifetime relies heavily on the 100% violation rates it assumes when calculating the amount in controversy.  However, "given defendant's improper reliance on a 100% violation rate . . . it would be improper for the court to include the amounts put forth by defendant as a basis for determining [] jurisdiction." *Townsend*, 2015 WL 3970172, at *6.  Lifetime fails to identify any reasonable basis for assuming this rate, and its failure to justify the $3,684,754 placed in controversy for the above three claims proves fatal to its argument for removal.  The Court notes that Lifetime's remaining calculations as to Garcia's claims for waiting time penalties, wage statement penalties, and failure to keep payroll records place at least $467,404 in controversy.  (Notice of Removal ¶¶ 58-59, 69, 70-71.)  Lifetime also seeks to include 25% of the estimated damages as plaintiff's attorneys' fees.[2]  (*See id.* ¶ 80.)  However,

---

[2] Garcia argues that Lifetime's estimations as to attorneys' fees, namely its calculation of attorneys' fees as 25% of the total potential damages in dispute, are "too conjectural to withstand [its] burden on removal."  (Mem. at 16.)  The Court notes that "[w]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (quoting *Lowdermilk v. U.S. Bank N.A.*, 479 F.3d 994, 1000 (9th Cir. 2007)).  It is well established that the Ninth Circuit "has established 25% of the common fund as a benchmark award for attorney fees."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (citing *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)).  When including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate.  *See Heejin Lim v. Helio, LLC*, No. CV 11-9183 PSG (PLAx), 2012 WL 359304, at *3 (C.D. Cal. Feb. 2, 2012) ("[T]he Court notes that Plaintiff seeks attorney's fees, which are properly

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  EDCV 15-1924-JLS (SPx) | Date:  January 7, 2016 |
| Title:  Alejandro Garcia v. Lifetime Brands, Inc. et al. | |

even if the Court accepted these calculations, they could not satisfy the jurisdictional minimum and the Court's conclusion remains unaltered.  Lifetime thereby fails to satisfy its burden of establishing, by a preponderance of the evidence, that the amount in controversy in this case exceeds $5,000,000.

## 2.    **Burdens of Proof**

Relying on *Dart Cherokee* and *Ibarra*, Lifetime argues that Garcia was required but failed to submit any evidence that the amount in controversy is less than $5,000,000.  (Opp. at 9.)  These decisions do not so require.

"Contrary to [Lifetime's] contention, neither *Dart Cherokee* nor *Ibarra* mandate that a plaintiff must always submit evidence challenging the amount in controversy." *Townsend*, 2015 WL 3970172, at *3.  The Supreme Court in *Dart* stated that where the defendant's assertion of the amount in controversy is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Dart*, 135 S. Ct. at 554.  The Ninth Circuit acknowledged this language in *Ibarra*, 775 F.3d at 1199-1200, but maintained that the removing defendant bears the burden to establish by a preponderance of the evidence that the amount in controversy exceeds $5 million, *id*. at 1199 ("[T]he removing defendant[] has the burden of proof on this.").  "Numerous cases after *Dart Cherokee* have concluded, either explicitly or implicitly, that while a plaintiff *may* rebut defendant's evidence with his or her own evidence, he or she need not do so in order to prevail on a motion to remand."  *Townsend*, 2015 WL 3970172, at *3 (collecting cases) (emphasis added).  Thus, the Court reads these decisions to suggest that once the defendant satisfies its "burden to put forward evidence showing that the amount in controversy exceeds $5 million," *Ibarra*, 775 F.3d at 1197, "the burden [then] shifts to plaintiff to produce evidence," *Townsend*, 2015 WL 3970172, at *3.  The Court therefore requires a plaintiff

___

included in the amount in controversy at 25% of the potential damage award."); *Jasso v. Money Mart Exp., Inc*., No. 11-cv-5500 YGR, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012) (noting it was "not unreasonable" for defendant to rely on attorneys' fees comprised of 25% of potential damages when calculating the amount in controversy).

___

JS-6

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. EDCV 15-1924-JLS (SPx) | Date: January 7, 2016 |
| Title: Alejandro Garcia v. Lifetime Brands, Inc. et al. | |

"to come forward with contrary evidence only when the removing defendant has first come forward with sufficient evidence to meet its initial burden." *See id.* (citing *Ibarra*, 775 F.3d at 1197). Because Lifetime fails to satisfy its initial burden, Garcia need not present his own evidence to prevail on his motion to remand. Accordingly, the Court declines to deny the motion on this basis.

### 3. Conclusion as to Amount in Controversy

The Court therefore finds that Lifetime has not met its burden of demonstrating by a preponderance of the evidence that Garcia's claims place at least $5,000,000 in dispute. Because Lifetime has failed to satisfy this burden, it has failed to establish that CAFA's jurisdictional requirements are met. In light of this conclusion, the Court need not address Garcia's other arguments supporting remand. Accordingly, the Court GRANTS Garcia's Motion to Remand.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Garcia's Motion to Remand is GRANTED. The Court therefore REMANDS this matter to San Bernardino Superior Court, Case No. CIVDS1510470, and VACATES all scheduled dates.

Initials of Preparer: tg